JOHN O. CLAY EXPLORATION et al., Appellees and Cross–Appellants,

v.

LAWRENCE TOWNSHIP BOARD OF ZONING APPEALS
et al., Appellants and Cross–Appellees. ■

[Cite as *John O. Clay Exploration v. Lawrence Twp. Bd.
of Zoning Appeals* (1995), 108 Ohio App.3d 164.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1995 CA 00018.

Decided Dec. 18, 1995.

*Craig T. Conley*, for appellees and cross-appellants.

*Scott R. Piepho*, Stark County Assistant Prosecuting Attorney, for appellants and cross-appellees.

HOFFMAN, Judge.

Appellants and cross-appellees, Lawrence Township Board of Zoning Appeals, et al. (the "board"), appeal the judgment entry of the Court of Common Pleas of Stark County modifying the decision of the board regarding the application of appellees and cross-appellants, John O. Clay Exploration and C & H Production, Inc., for a certificate of nonconforming use for a parcel of property known as Clay's Park. Appellees and cross-appellants appeal the same judgment entry.

## STATEMENT OF THE CASE

On February 17, 1994, appellees and cross-appellants, John O. Clay Exploration and C & H Production, Inc. (collectively, "the Park"), applied to the Lawrence Township Zoning Inspector for a certificate of nonconforming use relative to property known as Clay's Park. The application sought to verify that the current use of Clay's Park as a recreational/entertainment/amusement facility constituted a legal, nonconforming use pursuant to the Township's 1960 zoning resolution.[1]

On March 30, 1994, the Zoning Inspector denied, in part, the Park's application but did issue a certificate recognizing swimming, picnicking, and camping as nonconforming uses. The Park appealed the partial denial of its application to the board.

The Park's appeal was heard by the board on May 5, 1994. At that hearing, evidence was presented regarding various activities occurring at Clay's Park before and after the adoption of the 1960 resolution. Although these specific examples of events and activities were discussed at the hearing, the Park primarily argued that it was entitled to a certificate of nonconforming use, stating generally that Clay's Park is nonconforming as a recreational/entertainment/amusement facility.

On May 12, 1994 the board rejected the Park's arguments for a broad certificate of nonconforming use. However, it did modify the Zoning Inspector's decision, stating:

"In addition to the nonconforming uses found by the zoning inspector of swimming, picnicing [sic] and camping, this board does allow the appeal for the following uses established by the testimony which existed prior to November 1960 when zoning regulations were adopted:

"a. Day Camps

---

1. The Lawrence Township Zoning Resolution was subsequently amended in June 1973 and May 1992.

"b.   Hay Rides and Donkey Rides

"c.   Group Outings

"d.   Square Dances

"e.   Story Time

"f.   Sale of Refreshments."

On May 13, 1994, the Park appealed the board's decision to the Court of Common Pleas of Stark County, again arguing that it was entitled to a generalized certificate of nonconforming use.   Further, it argued that the board's decision was improper in light of the deposition testimony of board Chairman, Herbert Blachly, which indicated that the board had conducted inappropriate "off the record" deliberations regarding the Park's application.

On January 5, 1994, the trial court entered two judgment entries relevant to this appeal.   The first granted the board's motion to disregard certain portions of the Park's reply brief and certain exhibits filed therewith relating to Blachly's deposition testimony as to the board's alleged misconduct and previously filed certificates of nonconforming use which had not been introduced at the May 5, 1994 hearing.

The second judgment entry found the board's partial denial of the Park's application to be "arbitrary, capricious and unreasonable and * * * not supported by preponderance of substantial reliable probative evidence on the whole record," because it was overly restrictive in light of the evidence presented.   In this second judgment entry, the court modified the board's decision to include live music and craft events, including Christian Alive, the Festival of Lights and Yankee Peddler Festival, stating that these events are "a continuation of, and similar in nature to activities testified to which have taken place continuously since the late 1950's."   In reaching this decision, the court specifically rejected the Park's argument for a broadly worded certificate of nonconforming use, stating it "is not ready to find that any kind of recreational entertainment or amusement activity that might conceivably take place are non-conforming uses."

It is from these judgment entries that the parties appeal.   Appellants and cross-appellees assign as error the following:

"I.   The common pleas court did not have jurisdiction to rule on the question of whether the festivals constituted nonconforming uses when the board of zoning appeals had neither considered nor decided the question.

"II.   The common pleas court erred in ruling on the question of whether the festivals constitute nonconforming uses in that this question was inconsistent with the theory of the case articulated by Clay's Park.

"III. The trial court erred in ruling on issues not raised by Clay's Park in that its ruling deprived the township Zoning Inspector of notice and opportunity to be heard on those issues.

"IV. The common pleas court erred in finding that the festivals constitute nonconforming uses where the result reached by the board of zoning appeals was supported by the preponderance of the evidence."

Appellees and cross-appellants assign as cross-assignments of error the following:

"I. The trial court erred in its decision to disregard certain portions of the instant appellees/cross appellants' brief and certain exhibits attached thereto.

"II. The trial court erred in determining that the instant appellees/cross appellants are not entitled to a certificate of nonconforming use evidencing said appellees/cross appellants' historic recreational/entertainment/amusement activities/uses."

We will address the appellants' first, second and third assignments of error first.

## APPEAL: I, II & III

In that appellants' and cross-appellees' first three assignments of error concern whether the trial court erred in ruling on the issue of whether the festivals constitute nonconforming uses, we will address these assignments of error together.

Appellants essentially argue that, because the Park did not specifically argue before either the Zoning Inspector, board, or trial court that the festivals noted above should be considered nonconforming uses, the trial court should not have determined that issue. Rather, appellants claim that the trial court was restricted to deciding the issue of whether the Park was entitled to a broad, generalized certificate of nonconforming use, as that was the issue which was argued below.

We find appellants' arguments to be without merit. As an initial matter, it is clear that the trial court was empowered to modify the decision of the board pursuant to R.C. 2506.04. Consequently, as a matter of law, the trial court was authorized to modify the board's decision to include additional nonconforming uses.

Further, the Park applied and argued for a certificate of nonconforming use stating generally that Clay's Park is nonconforming as a *recreational/entertainment/amusement facility*. This application for the broader, more generalized certificate of nonconforming use necessarily encompasses the individual activities and events contained therein. Consequently, we find both that (1) the trial court had subject matter jurisdiction over the issue of the festivals as nonconforming

uses, and (2) its ruling was not inconsistent with the theory advanced below by the Park, as argued by the appellants. Further, in light of our conclusion that the Park's request for the festivals was implicitly contained within the request for the broadly worded certificate, we further find that the appellants were on notice of this issue and were provided an opportunity to be heard thereon.

Accordingly, we overrule appellants' first, second and third assignments of error.

We now address the appellants' fourth assignment of error and cross-appellants' second cross-assignment of error.

### APPEAL: IV & CROSS–APPEAL: II

R.C. 2506.04 sets forth the scope of this court's jurisdiction over the administrative appeal in the case *sub judice*. That statute provides:

"The judgment of the [trial] court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

■ In *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29–30, 465 N.E.2d 848, 852, the Ohio Supreme Court interpreted this statute and set forth the applicable standard of review:

"An appeal to the court of appeals pursuant to R.C. 2506.04 is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."

We find this interpretation of R.C. 2506.04 to be logically inconsistent. Although *Kisil* states that our scope of review is limited to determining whether the trial court erred as a matter of law, it simultaneously requires us to reweigh the evidence by the same standard as is imposed on the trial court. By reweighing the evidence to determine whether the decision of the trial court is supported by a preponderance of reliable, probative and substantial evidence, we are necessarily going beyond mere questions of law. Despite this seemingly illogical analysis in apparent derogation of the clear language of R.C. 2506.04, we must nonetheless follow the law as set forth by the Supreme Court in *Kisil, supra*.

■ In their fourth and final assignment of error, appellants essentially argue that there is insufficient evidence in the record to support the trial court's conclusion that the festivals constitute nonconforming uses and, therefore, that the court should not have so modified the board decision.

In its judgment entry, the trial court held:

"Live music (such as Christian Alive), Festival of Lights and Yankee Peddler Festival are activities which are a continuation of, and similar in nature to activities testified to which have taken place continuously since the late 1950's."

Based upon our review of the record, we cannot say, as a matter of law, that the decision of the trial court is not supported by the preponderance of substantial, reliable and probative evidence on the whole record. At the May 5, 1994 board hearing, the Park called four witnesses to testify regarding activities and events that had historically occurred at Clay's Park.[2] Three of these witnesses did not proffer any testimony regarding the existence of music and/or craft events at Clay's Park prior to the enactment of the 1960 zoning resolution. The fourth witness, Michael Clay, did affirmatively testify that live music events occurred at Clay's Park in the summer of 1959.

In light of this evidence, we cannot find that the trial court's decision is not supported by the preponderance of substantial, reliable and probative evidence as a matter of law. Accordingly, appellants' fourth and final assignment of error is overruled.

■ Cross-appellants argue, in their second cross-assignment of error, that the trial court erred in determining the cross-appellants were not entitled to a certificate of nonconforming use stating generally that Clay's Park was nonconforming as a recreational/entertainment/amusement facility.

We find the trial court did not err, as a matter of law, in refusing to issue cross-appellants a broad, generalized certificate of nonconforming use. In its judgment entry, the court stated:

"The further issue, however, is whether or not such a broad definition of recreational entertainment and amusement activities is legally appropriate as the measuring stick against which any activity taking place at Clay's Park is to be reviewed. This Court holds that the definitions given to the terms 'entertainment, recreational and amusement' would allow almost any kind of activity and are too broad. Accordingly, the Board of Zoning Appeals did not act arbitrarily or capriciously in rejecting such a broad request."

We agree with the trial court that cross-appellants' request for a certificate of nonconforming use stating generally that Clay's Park is nonconforming as a recreational/ entertainment/ amusement facility is overly broad. The issuance of such a generalized certificate would allow an almost infinite variety of activities substantially different in kind, intensity and effect from those activities which have historically occurred at Clay's Park. The trial court did not err in affirming

---

2.   The Park also called a fifth witness, Margaret Clay. Mrs. Clay, however, was called solely for the purpose of authenticating the Park's documentary evidence.

the board's refusal to issue a certificate allowing such a broad and unpredictable range of activities to occur at Clay's Park.

Cross-appellants argue that such an analysis is unduly restrictive in light of the broad language of the 1960 zoning resolution. Cross-appellants cite Section Eight, Paragraph Five of that Resolution, which provides:

"Uses of RECREATIONAL nature (either public or private), including but not limited to clubs, playgrounds, parks, resorts, swimming pools or bathing places, golf courses, and fishing facilities shall be permitted in all zones."

Cross-appellants argue that this provision's use of the phrase "including but not limited to" indicates an intention to broadly allow recreational uses generally. However, this provision deals with permitted uses, rather than nonconforming uses which are at issue in the instant case. Further, a close reading of Section Eight, Paragraph Five in its entirety reveals that this section goes on to impose numerous restrictions and checks on the recreational uses provision cited above, including permit requirements and oversight by the Board of Zoning Appeals. We find that these additional requirements demonstrate an intention to prevent the broad and unrestricted recreational use of property which cross-appellants are seeking through their application for a generalized certificate of nonconforming use. Consequently, we find that the 1960 Zoning Resolution does not support cross-appellants' argument for a broad, generalized certificate of nonconforming use.

Accordingly, we overrule cross-appellants' second assignment of error.

We now address cross-appellants' first assignment of error.

## CROSS–APPEAL: I

In their first cross-assignment of error, cross-appellants argue that the trial court erred in disregarding portions of their October 13, 1994 reply brief and Exhibits A1, A2 and A3 attached thereto.

The disregarded materials concerned the deposition testimony of board Chairman Herbert Blachly and previously issued certificates of nonconforming use. Cross-appellants concede that these materials were not presented to the board during its May 5, 1994 hearing.

R.C. 2506.03(A) provides:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall· be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears * * * that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions:

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from."

We find none of the exceptions noted in R.C. 2506.03(A) applicable in the instant case. In hearing this matter, the trial court had before it all of the evidence that was presented to the board. Further, cross-appellants present no evidence that the board either prevented them from introducing or arguing evidence at the May 5, 1994 hearing or that exception (A)(3), (4), or (5) is applicable. Consequently, the trial court did not err in disregarding portions of cross-appellants' reply brief and attached exhibits pursuant to R.C. 2506.03.[3]

Accordingly, we overrule cross-appellants' first cross-assignment of error.

For the foregoing reasons, we affirm the judgment of the Court of Common Pleas of Stark County as to the instant appeal and cross-appeal.

*Judgment affirmed.*

GWIN, P.J., and READER, J., concur.

---

3. We recognize that the nature of the disregarded deposition testimony creates a dilemma for cross-appellants. Because this testimony was adduced after the May 5, 1994 hearing, R.C. 2506.03 does not provide a mechanism for introducing it upon administrative appeal. Under the circumstances in this case, we suggest that Civ.R. 60(B) may have been the appropriate mechanism for introducing this evidence.